**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 28, 2020[*]
Decided June 5, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3472

| | |
|---|---|
| ADRIAN RANGEL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:18 CV 413 |
| STEVEN P. MEYER, *et al.*, *Defendants-Appellees*. | James T. Moody, *Judge*. |

## O R D E R

The district court dismissed Adrian Rangel's federal suit contesting the legality of state-court orders regarding his obligation to pay child support. The *Rooker-Feldman* doctrine deprived the district court of jurisdiction to hear this suit, so we affirm.

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Rangel accuses Steven P. Meyer, an Indiana judge, and others of unlawfully procuring a state-court order requiring him to pay a child-support debt of $32,000 for his disabled adult son. Rangel refused to pay, contending in state court that the order was arbitrary. The state court held him in contempt, required his appearance in court, and when he failed to come to court, issued a writ of body attachment. Rangel unsuccessfully appealed these orders in state court. In federal court Rangel contends that by procuring the order to pay his child-support debt and to compel his appearance, the defendants violated the Constitution. He contests the validity of these orders by arguing that his son is not disabled and that the court entered its orders because he is a minority, is poor, and has filed previous civil-rights case. Rangel seeks to enjoin enforcement of the orders and obtain damages.

The district court granted the defendants' motion to dismiss. It ruled that the *Rooker-Feldman* doctrine blocked the suit because Rangel sought to set aside state-court orders. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The district court's dismissal is correct. Under *Rooker-Feldman* only the Supreme Court of the United States may review claims in which a "state-court loser" complains of an injury caused by a state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Rangel lost in state court. Furthermore, "[n]o injury occurred until the state judge ruled against [him]." *Harold v. Steel*, 773 F.3d 884, 886–87 (7th Cir. 2014). Therefore the doctrine blocks this suit.

Rangel offers three replies, none persuasive. First, he argues that his case is like *Croley v. Joint Commission on Judicial Administration*, 895 F.3d 22, 29 (D.C. Cir. 2018). There, the court ruled that the plaintiff, a "state-court winner," could sue—in federal court—state officials who gave him false information about enforcing a judgment. *Id.* at 28. But Rangel is not a state-court winner. Second, he argues that *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 729 (7th Cir. 1993), which the district court cited, is distinguishable. There, a federal plaintiff appealed (and lost) in state court; Rangel asserts that he did not have a chance to appeal rulings on some of his motions because the state trial court allegedly ignored these motions. But Rangel's injuries arise from the rulings that the state court did make. Because those rulings were appealable (indeed, having appealed them, Rangel does not now contend that they were not appealable), *Rooker-Feldman* prevents a federal suit to challenge them. *See Harold*, 773 F.3d at 886. Third, Rangel says that he contests "administrative misdeeds" that arose in the procedures used to reach the adverse rulings, not the rulings themselves. But

*Rooker-Feldman* also blocks cases challenging how a state court used its procedures to reach adverse decisions, as *Rooker* itself was such a case. *Id.* at 887.

AFFIRMED